1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL REYNOLDS,                      No.  2:13-cv-1205 GEB CKD P

12              Plaintiff,

13       v.                                 ORDER

14   DAVIS, et al.,

15              Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

1   The court is required to screen complaints brought by prisoners seeking relief against a

2   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

7   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

8   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

9   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

10  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

11  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

12  Cir. 1989); Franklin, 745 F.2d at 1227.

13  In order to avoid dismissal for failure to state a claim a complaint must contain more than

14  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

15  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

16  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

17  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

18  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

19  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

20  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

21  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

22  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

23  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

24  U.S. 232, 236 (1974).

25  Here, plaintiff alleges that defendants at High Desert State Prison (HDSP) failed to protect

26  him from his cellmate in violation of the Eighth Amendment.  He alleges that defendants knew

27  that the cellmate had a "history of violence" and a "propensity for violence on cell mates"; and

28  that they "knew or should have known" that plaintiff and the cellmate, who were of different

1    races and had never met face-to-face, would not be compatible.  Plaintiff further alleges that

2    defendants did not follow housing procedures in celling plaintiff, a General Population inmate,

3    with an inmate on Orientation Status who had not been fully screened for housing purposes.

4    Plaintiff alleges that this cellmate attacked him and cut his throat, requiring surgery.  (ECF No.

5    1.)

6          Under the Eighth Amendment, "prison officials have a duty to protect prisoners from

7    violence at the hands of other prisoners."  Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal

8    quotation marks, ellipsis, and citation omitted).   However, "not . . . every injury suffered by one

9    prisoner at the hands of another . . . translates into constitutional liability for prison officials

10   responsible for the victim's safety."  Id. at 834.  A prison official may be held liable for an assault

11   suffered by one inmate at the hands of another only where the assaulted inmate can show that the

12   injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of

13   harm.  Id. at 834, 837.  Thus, the relevant inquiry is whether prison officials, "acting with

14   deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to

15   his future health."  Id. at 834 (internal quotation omitted).  To be deliberately indifferent, the

16   "official must both be aware of facts from which the inference could be drawn that a substantial

17   risk of serious harm exists, and he must also draw the inference."  Id.

18         The court finds that plaintiff states an Eighth Amendment claim against defendant Hank,

19   the yard Sergeant who allegedly "signed the bed move and ordered staff in the building to

20   physically conduct the bed move." (ECF No. 1 at 4.)  As to the remaining six defendants[1], the

21   court finds plaintiff's allegations insufficient to show these defendants caused the complained-of

22   harm under § 1983.  Plaintiff makes only vague and conclusory allegations that these defendants

23

24   _____
       [1]      Davis, Kelly, Shwaub, Rainwater, Graham, and Van Meter.
25          Plaintiff also alleges that an eighth defendant, Slatti, denied plaintiff access to the courts
       by refusing to provide a copy of the incident report about the attack on plaintiff and screening out
26     plaintiff's administrative appeal.  (ECF No. 1 at 5.)  However, plaintiff has indicated that he
       completed the grievance process as to his failure to protect claim, and his allegations against
27     Slatti do not amount to a separate First Amendment claim.  See Ramirez v. Galaza, 334 F.3d 850,
       860 (9th Cir. 2003) (inmates do not have a Constitutional right to a specific prison grievance
28     procedure).

1    participated in a "collective decision" to transfer an inmate with a known history of violence to

2    plaintiff's cell.  (Id. at 3.)  Plaintiff will have the opportunity to file an amended complaint to

3    attempt to state a claim against these defendants.

4         Plaintiff will be given 30 days from the date of service of this order to amend his

5    complaint to cure the deficiencies outlined above.  Plaintiff is not required to file an amended

6    complaint, but failure to do so will be construed as plaintiff's consent to dismiss the above-

7    mentioned defendants and causes of action with prejudice.

8         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

9    complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

10   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

11   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

12   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

13   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

14   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

15   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

16   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

18   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

19   complaint be complete in itself without reference to any prior pleading.  This is because, as a

20   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

21   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

22   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

23   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24        In accordance with the above, IT IS HEREBY ORDERED that:

25        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

26        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

27   shall be collected and paid in accordance with this court's order to the Director of the California

28   Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's claims against defendants Davis, Kelly, Shwaub, Rainwater, Graham, Van Meter, and Slatti are dismissed with leave to amend.  Additionally, all claims except an Eighth Amendment failure to protect claim against defendant Hank are dismissed with leave to amend;

4.  If plaintiff elects to amend, any amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";

5.  Upon the filing of an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

Dated:  August 23, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / reyn1205.14.new